**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MALAQUAIAS HERNANDEZ DIAZ, *et al.* | Civil Action No. 26-46 (ZNQ) |
| Petitioners, | |
| v. | **MEMORANDUM OPINION** |
| PAMELA BONDI, *et al.*, | |
| Respondents. | |

**QURAISHI, District Judge**

This matter comes before the Court on Petitioners' motion seeking attorneys' fees under the Equal Access to Justice Act (ECF No. 10), which the Government has opposed.  (ECF No. 13.) By way of background, Petitioners filed their habeas petition challenging their ongoing detention without bond on January 1, 2026.  (ECF No. 1.)  On January 6, this Court entered a text order finding that Petitioners were not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) in light of this Court's decision in *Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445 (D.N.J. Nov. 21, 2025), and ordered that the Government either provide Petitioners with bond hearings or file opposition.  (ECF No. 3.)  The Government elected to provide Petitioners with bond hearings, and both Petitioners were ultimately released from custody on bond.  (ECF Nos. 6, 9.)

The Equal Access to Justice Act permits a court in an immigration habeas matter to award a prevailing petitioner with attorney's fees if the Government's position in that matter was not substantially justified.  *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 423, 433 (3d Cir. 2026).  Fees will therefore not be warranted when the Government's position is "justified to a degree that could satisfy a reasonable person."  *Id.* at 433 (quoting *Johnson v. Gonzales*, 416,

1

F.3d 205, 210 (3d Cir. 2005)).  This requires that the Government's position had a reasonable basis in truth for the facts alleged, a reasonable basis in law for the theory the Government propounded, and that there be a reasonable connection between the facts alleged and the legal theory advanced. *Id.*  "[I]n immigration cases, the Government must meet the substantially justified test twice: once for its underlying conduct and once for its decisions in the ensuing litigation about that conduct." *Id.*  Courts may not "assume the position of the Government was not substantially justified simply because it lost." *Id.*

In this matter, the Government took Petitioners into custody under the Government's current interpretation of 8 U.S.C. § 1225(b)(2), under which the Government maintains that aliens who entered the country by crossing the border without admission or inspection are subject to mandatory detention without an opportunity to seek release or bond.  *See, e.g., Valerio*, 2025 WL 3251445 at *3.  Although that position has been rejected by a significant number of district courts and at least one federal court of appeals, *see Cunha v. Freden*, --- F.4th ---, 2026 WL 1146044, at *4-23 (2d Cir. April 28, 2026), several district courts and two federal courts of appeals have upheld the Government's interpretation of the statute.  *See, e.g., Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).  As there is not yet binding precedent within the Third Circuit contrary to the Government's position, this background makes it clear that while this Court and the majority of federal courts to have ruled thus far disagree with the Government's position, a reasonable person could be satisfied that the Government's legal position in this matter was justified to a reasonable degree.  *See Tyagi v. Soto*, No. 26-962, 2026 WL 1052894, at *2 (D.N.J. Apr. 20, 2026) (denying fee application in relation to § 1225(b)(2) in light of the reasonable disagreement between courts as to the Government's interpretation of the statute)

The Government's underlying decision to take Petitioners into custody in relation to their removal proceedings was therefore substantially justified. The Government's position and actions in this matter were likewise substantially justified in light of the Government's compliance with this Court's order directing that Petitioners be swiftly provided with a bond hearing. As the Government's position both in the underlying immigration proceedings and in this Court were substantially justified, Petitioners' motion seeking attorney's fees (ECF No. 10) is **DENIED**. An appropriate order follows.

Date: May 4, 2026

_____s/ Zahid N. Quraishi_____
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

3